IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DONALD CARTER**                                                                              **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.: 2:21-cv-84-KS-MTP**

**CASEY H. BRISTER, KIMBERLY H. GREEN,**
**and JOSHUA L. HOLTON**                                                  **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court pursuant to screening under 28 U.S.C. § 1915(e)(2). Having considered the pleadings and the applicable law, the undersigned finds that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against Defendant Casey H. Brister and that Casey H. Brister should be dismissed from this action without prejudice.

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections. He claims that on August 14, 2019, while riding in a transport vehicle on the way back to South Mississippi Correctional Institution from a medical appointment at Forrest General Hospital, the transport vehicle was in a motor vehicle accident. Plaintiff alleges that the vehicle that struck the transport vehicle was a "bus/limosine" owned by the State Veterans Home in Collins, Mississippi and driven by Defendant Brister.[1] Plaintiff alleges that he was injured as a result of the accident.[2]

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if

---

[1] Defendant Brister remains unserved.

[2] Plaintiff's remaining claims against Defendants Kimberly H. Green and Joshua L. Holton are not at issue in this Report and Recommendation.

1

the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. *See* Order [10].

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States. *Id*. (quoting 42 U.S.C. § 1983).

To succeed with a § 1983 action, a plaintiff must demonstrate that a clearly established constitutional right was violated by a government official. *See McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002). At best, Plaintiff has stated a claim for negligence against

2

Defendant Brister, and "garden-variety negligence" is not actionable under section 1983. *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995); *see also Noble v. Grimes*, 350 Fed. App'x 892 (5th Cir. 2009). After Plaintiff filed his Complaint [1], the Court directed Plaintiff to identify which of his constitutional rights Defendant Brister violated. *See* Order [19]. Plaintiff stated only that Defendant Brister was negligent and a state actor. *See* Response [21]. Despite being provided an opportunity to amend his claims against Defendant Brister, Plaintiff has not identified, and the undersigned cannot find, any constitutional right of Plaintiff's violated by Defendant Brister.

To the extent that this could be construed as a tort claim against Defendant Brister as a state employee, such a claim is not cognizable under the Mississippi Tort Claims Act. "Under the Mississippi Tort Claims Act, government entities and their employees acting within the scope of their employment are not liable for claims from, among others, 'an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution.'" *Johnson v. Epps*, 479 Fed. App'x 583, 593 (5th Cir. 2012).

Plaintiff's claims against Defendant Brister should be dismissed.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's claims against Defendant Casey H. Brister be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the

matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

      THIS the 21st of September, 2021.

                                                      s/Michael T. Parker
                                                      UNITED STATES MAGISTRATE JUDGE