# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DONALD CARTER**                                                                                  **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO.: 2:21-cv-84-KS-MTP**

**KIMBERLY H. GREEN and**
**JOSHUA L. HOLTON**                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment [45]. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion for Summary Judgment [45] be granted and this matter be dismissed with prejudice.

## BACKGROUND

On June 4, 2021, Plaintiff Donald Carter, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at South Mississippi Correctional Facility ("SMCI"). Plaintiff's claims were clarified and amended by his testimony at the *Spears*[1] hearing.

Plaintiff claims that he had a heart attack and received open heart surgery. One month after the surgery, Plaintiff had a follow-up doctor's appointment at Forrest General Hospital. Plaintiff alleges that on August 14, 2019, while leaving the appointment, the transport vehicle was struck by another vehicle. Plaintiff alleges that he was thrown from the seat of the transport vehicle onto the floor. Plaintiff alleges that he requested Defendants Green and Holton to take

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

him to the emergency room, but that they refused. Plaintiff alleges that Green and Holton told him that he could receive medical treatment once they returned to SMCI.

According to Plaintiff, on the drive back to SMCI, Defendants Green and Holton stopped at a service station to put gas in the transport vehicle and get lunch. Plaintiff also claims that Defendants Green and Holton stopped at a Ford dealership and picked up a part for a vehicle.

Plaintiff alleges that when they returned to SMCI approximately two hours later,[2] all three of them were checked by prison medical staff for injuries. Plaintiff alleged that he received a back x-ray and a chest x-ray. Plaintiff alleges that he requested a specialist to examine his scar from the surgery, but that his request was denied.

Plaintiff alleges that prior to the accident, a doctor told him that he was "100% disabled" and that he should not be lifting more than two pounds. Plaintiff claims that as a result of the delay in medical care and the car accident that he has poor circulation in his leg with the stents. Plaintiff alleges that he now has to get steroid shots and that he experiences numbness and has fallen multiple times since the accident. Plaintiff alleges that if he would have received medical care more quickly, he might have been given braces or better pain medicine.

Plaintiff seeks monetary damages for his alleged injuries. On May 2, 2022, Defendants moved for summary judgment arguing that they are entitled to qualified immunity. Plaintiff filed his Response [54], and this matter is now ripe for review.

---

[2] Plaintiff testified at the *Spears* hearing that it was a two-hour delay. However, based on the police records from the accident and Plaintiff's own medical records it appears to have been approximately one hour between the officer clearing the accident, and Plaintiff receiving medical treatment at the facility. *See* [9-1] at 1; [45-1] at 1.

**STANDARD FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

Plaintiff admits that he was seen by a medical professional upon returning to SMCI. Therefore, Plaintiff's claims relate to a delay of medical care, not a denial of medical care. A delay in medical care violates the Eighth Amendment when the government official acted with deliberate indifference, which resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Deliberate indifference "requires a showing that the official was subjectively aware of the risk." *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). Deliberate indifference to serious medical needs of a prisoner that result in an unnecessary and wanton infliction of pain violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "[n]egligent medical care does not constitute a valid section 1983 claim." *Mendoza*, 989 F.2d at 195.

The accident report indicates that the police arrived at the scene of the accident at 1:05 p.m. CST and cleared the scene at 1:28 p.m. [9-1] at 1. According to treatment records at SMCI, Plaintiff was seen by Dr. Woodall at SMCI on August 14, 2019, related to the motor vehicle accident. *See* [45-1] at 6. Dr. Woodall electronically signed the treatment record at 2:34 p.m. *See* [45-1] at 3. Therefore, Plaintiff's claim relates to the approximate one hour of delayed medical treatment.

Dr. Woodall examined Plaintiff and found Plaintiff in "no acute distress" and that he had "no evidence of injury." *Id*. at 6-7. Additionally, the accident report indicates that no airbags

4

were deployed and that all three cars drove away from the scene. *See* [9-1]. The accident report states that Plaintiff did not have any injuries. *Id*. at 5.

Plaintiff has not shown that he suffered any harm from the alleged one-hour delay in medical treatment—let alone the substantial harm required to state a claim under the Eighth Amendment. Accordingly, Plaintiff has not shown that he suffered "any permanent or life-long impairment, which is a prerequisite for a claim of delay in the provision of medical treatment to an inmate plaintiff under § 1983." *Burns v. E. Baton Rouge Par. Prison Emergency Med. Sers.*, 2017 WL 4214143, at *6 (M.D. La. Sept. 6, 2017) (referencing *Harris v. Walley*, 436 F. App'x 372 (5th Cir. 2011)).

While Plaintiff also complains that he was not permitted to see a specialist to examine his surgery scar after the accident, Plaintiff has not shown how the denial of such a request violates his constitutional rights. "Contentions like plaintiff's that amount to a mere disagreement with the speed, quality, or extent of medical treatment or even negligence do not give rise to a Section 1983 claim." *Grant v. Aubrey Cole Law Enf't Ctr.*, 2012 WL 3112060, at *7 (E.D. Tex. June 26, 2012).

The undersigned recommends that summary judgment be granted. Plaintiff has not demonstrated that he suffered any substantial harm from the delay in medical care. Therefore, Plaintiff cannot establish an Eighth Amendment violation on the part of the Defendants and summary judgment is appropriate.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. The Motion for Summary Judgment [45] be GRANTED; and

2. That this matter be DISMISSED with prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 21st day of October, 2022.

                                                      s/Michael T. Parker
                                                     UNITED STATES MAGISTRATE JUDGE