IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DONALD CARTER**                                                                                    **PLAINTIFF**

vs.                                                 **CIVIL ACION NO. 2:21-cv-84-KS-MTP**

**KIMBERLY H. GREEN and**
**JOSHUA L. HOLTON**                                                       **DEFENDANTS**

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION</u>
<u>AND DISMISSING CASE WITH PREJUDICE, ETC.</u>

This cause is before the Court on Defendants' Motion for Summary Judgment [45], Report and Recommendation [56] of Magistrate Judge Michael T. Parker, and Objection [60] to Magistrate Judge's Report and Recommendation [56] and the Court considering same as well as the record herein does hereby find as followst:

I.  BACKGROUND

On June 4, 2021, Plaintiff Donald Carter, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at South Mississippi Correctional Facility ("SMCI"). Plaintiff's claims were clarified and amended by his testimony at the *Spears*[1] hearing.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff claims that he had a heart attack and received open heart surgery. One month after the surgery, Plaintiff had a follow-up doctor's appointment at Forrest General Hospital. Plaintiff alleges that on August 14, 2019, while leaving the appointment, the transport vehicle was struck by another vehicle. Plaintiff alleges that he was thrown from the seat of the transport vehicle onto the floor. Plaintiff alleges that he requested Defendants Green and Holton to take him to the emergency room, but that they refused. Plaintiff alleges that Green and Holton told him that he could receive medical treatment once they returned to SMCI.

According to Plaintiff, on the drive back to SMCI, Defendants Green and Holton stopped at a service station to put gas in the transport vehicle and get lunch. Plaintiff also claims that Defendants Green and Holton stopped at a Ford dealership and picked up a part for a vehicle.

Plaintiff alleges that when they returned to SMCI approximately two hours later,[2] all three of them were checked by prison medical staff for injuries. Plaintiff alleged that he received a back x-ray and a chest x-ray. Plaintiff alleges that he requested a specialist to examine his scar from the surgery, but that his request was denied. Plaintiff alleges that prior to the accident, a doctor told him that he was "100% disabled" and that he should not be lifting more than two pounds. Plaintiff claims that as a result of the delay in medical care and the car accident that he has poor circulation in his leg with the stents. Plaintiff alleges that he now has to get steroid

---

[2] Plaintiff testified at the *Spears* hearing that it was a two-hour delay. However, based on the police records from the accident and Plaintiff's own medical records it appears to have been approximately one hour between the officer clearing the accident, and Plaintiff receiving medical treatment at the facility. *See* [9-1] at 1; [45-1] at 1.

shots and that he experiences numbness and has fallen multiple times since the accident. Plaintiff alleges that if he would have received medical care more quickly, he might have been given braces or better pain medicine.

Plaintiff seeks monetary damages for his alleged injuries. On May 2, 2022, Defendants moved for summary judgment arguing that they are entitled to qualified immunity. Plaintiff filed his Response [54], and this matter is now ripe for review

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Plaintiff's Objection [60] claims by conclusory statements that his Constitutional rights have been violated by the Defendants in delaying his medical treatment. The records show that the

complaint of vehicle collision occurred on August 14, 2019, and that approximately two hours later (as claimed by Plaintiff) he received medical attention at SMCI. The police records and the records at SMCI showed that the delay was approximately one hour between the clearing of the accident and Plaintiff receiving medical treatment at the facility. See [9-1] at 1; [45-1] at 1. Plaintiff in his Objection articulates fairly clearly what Eighth Amendment violations occurred. Unnecessary and wanton infliction of pain including psychological harm is an Eighth Amendment violation. However, there is no proof presented that the Defendants acted with deliberate indifference. The Plaintiff was checked out and x-rayed by a physician approximately one hour after the accident and the physician's findings were that Plaintiff was in "no acute distress" and that he had "no evidence of injury". *Id.*at 6-7.  No airbags were deployed and all three of the vehicles involved in the accident drove away from the scene. See [9-1]. The accident report states that Plaintiff did not have any injuries. *Id.*at 5.

Plaintiff also claims that he was not permitted to see a specialist to examine a surgery scar after the accident. However, there was no demonstration that he needed to see a doctor at all, much less a specialist about the surgery scar. Even if the doctor at SMCI was negligent in not evaluating the surgery scar, that does not rise to the level of deliberate indifference and a Constitutional violation. All the claims presented in the Objection by Plaintiff are *ipsi dixit*.

## IV.  CONCLUSION

As required by 28 U.S.C. §636(b)(1) the Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Carter's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court

accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that Magistrate Judge Michael T. Parker's Report and Recommendation is accepted  pursuant to 28 U.S.C. §636(b)(1) and that Donald Carter's claim is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED this the ___8th____ day of December, 2022,


_____s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE